## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

IN RE:

Dejuan Lamont Thomas,
Rebecka Lynn Jefferson-Thomas,

DEBTORS.
_____/

CHAPTER 13
CASE NO. 20-51924-LSG
JUDGE LISA S. GRETCHKO

## TRUSTEE'S OBJECTION TO CONFIRMATION
## OF THE DEBTORS' SECOND MODIFIED,
## PRE-CONFIRMATION CHAPTER 13 PLAN

**NOW COMES** the Chapter 13 Standing Trustee in this matter, David Wm. Ruskin, and objects to confirmation of the debtors' Second Modified, Pre-Confirmation Chapter 13 Plan, and in support thereof states as follows:

1. The Plan proposes to pay Shellpointe Mortgage as a Class 4.1 ongoing claim with no arrearages. Debtors testified at the First Meeting of Creditors that this obligation is in arrears but Debtors have filed a request for a loan modification which is currently pending. The Plan does not account for any existing arrearage or provide for any treatment in the event that the loan modification is not approved resulting in the Plan lacking compliance with 11 USC Section 1325(a)(5).

2. The amount of the proposed funding in the Plan is not sufficient to pay all claims as proposed in the Plan (the Plan is underfunded). Therefore, the Plan does not provide for the submission of sufficient future earnings or future income for the execution of the Plan as required by 11 USC 1322(a)(1).

3. Class 8 of the Debtors' Second Modified, Pre-Confirmation Chapter 13 Plan provides for treatment of obligations owing to FedLoan Servicing Credit and US Department of Education and the Debtors' Plan indicates "student loan in deferment" as the reason for special treatment. The Trustee is unable to determine if the Trustee is to make payments on the claims filed by Navient (Claim No. 6) and/or the US Department of Education (Claim No. 5). Accordingly, the Trustee is unable to determine if the Debtors' Plan complies with 11 U.S.C. Section 1325.

4. The Trustee is unable to determine the treatment proposed to the Class 9 General Unsecured creditors as the Debtors have checked both boxes in terms of treatment pursuant to the Liquidation Analysis but also to the extent the Debtors intend to propose less than a 100% dividend to the unsecured creditors. The Debtors' Plan fails to provide the following:

a. The Plan does not provide that 100% of all tax refunds received or entitled to be received since the commencement of the case be remitted to the Trustee as additional payments under the Plan as required by 11 USC Section 1325(b)(1)(B) and *In re Freeman*, 86 F.3d 478 (6th Cir. 1996).

b. An average of the pay stubs for Debtor-husband dated November 13, 2020, November 20, 2020, and November 27, 2020, indicates average monthly gross income of $6,514.43 and average monthly net income of $5,507.33. Schedule I understates the monthly net income by approximately $821.91. The Plan does not comply with 11 USC Section 1325(b)(1)(B) and 11 USC Section 1325(a)(3).

c. The Plan does not increase its funding on repayment of Debtor-husband's retirement fund loan. *See* 11 USC Section 1325(b)(1)(B) and 11 USC Section 1325(a)(3); *Seafort v. Burden,* 669 F.3d 662 (6th Cir. 2012)

d. The Plan does not provide that 100% of profit-sharing funds and/or bonuses received or entitled to be received during the pendency of the case by Debtor-husband to be remitted to the Trustee as additional payments under the Plan as required by 11 USC Section 1325(b)(1)(B) and *In re Freeman*, 86 F.3d 478 (6th Cir. 1996).

e. An average of Debtor-wife's pay stubs dated October 9, 2020, November 6, 2020, and November 20, 2020, indicates average monthly gross income of $4,704.27 and average monthly net income of $3,977.77. Schedule I understates the monthly net income by approximately $501.88. The Plan does not comply with 11 USC Section 1325(b)(1)(B) and 11 USC Section 1325(a)(3).

f. Schedule I and Schedule J indicate that Debtors have monthly disposable income of $3,734.00. The Plan proposes funding in the amount of $2,160.00 per month. The Plan does not commit 100% of Debtor's disposable income as required by 11 USC Section 1325(a)(3) and 11 USC Section 1325(b)(1)(B).

g. The Plan proposes to retain a 2018 Jeep Renegade with a monthly payment of $677.00 per month. The Plan does not indicate why it is reasonably necessary for Debtor to maintain a vehicle with a monthly payment of $677.00 per month or why Debtor is unable to obtain suitable transportation at a substantially lower expense. The Plan does not comply with 11 USC Section 1325. *See In re Rogers*, 65 B.R. 1018 (Bankr. E.D. Mich. 1986).

**WHEREFORE,** the Chapter 13 Standing Trustee requests this Honorable Court deny confirmation of the debtors' Chapter 13 Plan unless modified to meet these objections or, in the Court's discretion, dismiss the Chapter 13 Case pursuant to 11 U.S.C. Section 1307(c) or provide such other relief as the Court deems appropriate.

OFFICE OF THE CHAPTER 13 STANDING TRUSTEE,
DAVID WM. RUSKIN

Dated: August 30, 2021     By: __/s/ John P. Kapitan_____
DAVID Wm. RUSKIN (P26803), Trustee
LISA K. MULLEN (P55478), Staff Attorney
THOMAS D. DeCARLO (P65330), Staff Attorney
JOHN P. KAPITAN (P61901), Staff Attorney
1100 Travelers Tower, 26555 Evergreen Road
Southfield, MI 48076-4251
(248) 352-7755

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

**IN RE:**

                    CHAPTER 13

Dejuan Lamont Thomas,          CASE NO. 20-51924-LSG
Rebecka Lynn Jefferson-Thomas,  JUDGE LISA S. GRETCHKO
              DEBTORS.
_____/

**CERTIFICATE OF SERVICE OF TRUSTEE'S OBJECTION TO CONFIRMATION OF THE DEBTORS' SECOND MODIFIED, PRE-CONFIRMATION CHAPTER 13 PLAN**

    I hereby certify that on August 30, 2021, I electronically filed the Trustee's Objection to Confirmation of the debtors' Second Modified, Pre-Confirmation Chapter 13 Plan with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

    BIEBER & LUBINSKI PLLC
    26224 VAN DYKE AVE
    CENTER LINE, MI 48015-0000

The following parties were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

    Dejuan Lamont Thomas
    Rebecka Lynn Jefferson-Thomas
    26161 Wagner
    Warren, MI 48089-0000

                      /s/ Jayme L. DePriest_____
                      Jayme L. DePriest
                      For the Office of David Wm. Ruskin,
                      Chapter 13 Standing Trustee - Detroit
                      1100 Travelers Tower
                      26555 Evergreen Road
                      Southfield, MI 48076-4251
                      (248)352-7755